**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LEWIS IRA HAGAN, | : |
|  | : Civil Action No. 05-5158 (DRD) |
| Petitioner, | : |
|  | : |
| v. | : **O P I N I O N** |
|  | : |
| STATE OF NEW JERSEY | : |
| LEGISLATORS, et al., | : |
|  | : |
| Respondents. | : |

**APPEARANCES:**

Lewis Ira Hagan, <u>Pro</u> <u>Se</u>
Adult Diagnostic and Treatment Center
SBI # 168433B
8 Production Way
Avenel, NJ 07001

Lisa A. Puglisi
Deputy Attorney General
Office of the NJ Attorney General
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
Attorney for Respondents

**DEBEVOISE, District Judge**

On October 27, 2005, Petitioner submitted the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents filed an Answer on March 7, 2005. This Court has reviewed all submissions. For the reasons set forth below, the Petition will be denied.

**BACKGROUND**

On December 4, 2003, Petitioner was arrested and detained. On December 2, 2004, a Middlesex County Grand Jury indicted him on two counts: criminal sexual contact in the fourth degree, contrary to N.J.S.A. 2C:14-3B; and endangering the welfare of a child in the third degree, contrary to N.J.S.A. 2C:24-4A (count two).  On December 10, 2004, a jury found him guilty of both charges.  He was sentenced on June 3, 2005 to four years imprisonment.  At that time, he was awarded 547 days of jail credit for time spent in jail prior to sentencing.

Petitioner argues that he is being denied commutation credits.  Commutation time, or good conduct credits, are awarded in New Jersey pursuant to N.J.S.A. 30:4-140.  That statute states, in relevant part:

> For every year or fractional part of a year of sentence imposed upon any person committed to any State correctional institution for a minimum-maximum term there shall be remitted to him from both the maximum and minimum term of his sentence, for continuous orderly deportment, the progressive time credits indicated in the schedule herein.

N.J.S.A. 30:4-140.  The schedule appended to the statute notes that for a sentence of 4 years, 348 credits are to be awarded. See id.  However, the statute also states: "No time credits shall be calculated as provided for herein on time served by any person in custody between his arrest and the imposition of sentence." Id.

2

Respondents contend that because Petitioner received 547 days jail credit for time spent in custody between his arrest and imposition of sentence, that this time was not included in the calculation of his commutation credits, pursuant to the statute. Thus, Respondents calculate that the 4-year sentence, minus the 547 days jail credits resulted in a sentence of 2 years, 6 months and 1 day upon which to award commutation credits. Therefore, Respondents calculate that Petitioner should be awarded 205 days good conduct time, based on the time he will spend incarcerated post-sentencing. Respondents note that Petitioner's maximum sentence date, reflecting these commutation credits and other work credits, is April 16, 2007.

Petitioner argues that the New Jersey statute violates his equal protection rights. He states that because he was indigent and could not afford to post bail, he is being punished by not being awarded the full statutory 348 days of commutation credits. Petitioner further argues that he is being punished, in violation of the Double Jeopardy Clause, because he is being deprived of 143 days commutation credit (the 348 days he believes he is entitled to, minus the 205 days he was awarded by Respondents). He argues that this results in multiple punishments because it extends his incarceration "beyond what the judge sentenced him to." While the judge sentenced him to "four years flat," Petitioner states that he should be required to serve only 14

months more in the state facility post-sentencing, to complete 65% of his sentence; instead, he surmises that he will be serving over 85% of his sentence. He states that he was denied due process because the credits he is being denied were "forfeited" without a hearing.

Finally, Petitioner argues that exhausting his claims in state court would be futile, since he is aware that New Jersey state courts have found that the calculation by Respondents is lawful.

## DISCUSSION

**A.    Proper Respondent; Exhaustion**

Respondents argue that the State of New Jersey Legislators, State Senators and Assembly Members, Devon Brown, and Peter Harvey should be dismissed from this action, as they are not custodians of Petitioner for purposes of the habeas statute. Indeed, the proper respondent in a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Rules Governing Section 2254 Cases, Rule 2, Advisory Committee Notes; see also Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). In this case, the proper respondent is Grace Rogers, the Administrator of the Adult Diagnostic and Treatment Center. Thus, all other named Respondents will be dismissed from this action.

Respondents also argue that the Petition is unexhausted. However, this Court may excuse the exhaustion requirement for non-meritorious claims. See 28 U.S.C. § 2254(b)(2); Duncan v. Walker, 533 U.S. 167, 203 n.6 (2001)(noting that under § 2254(b)(2), a district court may deny non-exhausted, non-meritorious claims); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003)(same). In this case, the Court will excuse the exhaustion requirement, as it finds that Petitioner's claims are clearly without merit.

**B.   Standards Governing Petitioner's Claims.**

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. The statute reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in

5

> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court explained the application of § 2254(d)(1). The Court analyzed subsection 1 as two clauses: the "contrary to" clause and the "unreasonable application" clause. The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Id.</u> A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. <u>See</u> <u>id.</u> at 411; <u>see</u> <u>also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 980 (2001); <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir. 1999), <u>cert.</u> <u>denied</u>, <u>Matteo v. Brennan</u>, 528 U.S. 824 (1999). Thus, the federal court must decide whether the state court's application of federal law, when

6

evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 129 F. Supp.2d 390, 395 (M.D. Pa. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## C. Petitioner's Claims Will Be Denied.

Petitioner argues that the New Jersey commutation time statute violates the Equal Protection Clause of the Fourteenth Amendment.  This clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  See City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)); Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996).

In McGinnis v. Royster, the United States Supreme Court held that New York statute regarding commutation time, which, like the New Jersey statute at issue, did not award commutation time for

7

pre-sentence jail time, did not violate the Equal Protection Clause. See McGinnis v. Royster, 410 U.S. 263 (1973). Noting that the granting of good time credit takes into account a prisoner's rehabilitative performance, the Supreme Court reasoned that:

> As the statute and regulations contemplate state evaluations of an inmate's progress toward rehabilitation in awarding good time, it is reasonable not to award such time for pretrial detention in a county jail where no systematic rehabilitative programs exist and where the prisoner's conduct and performance are not even observed and evaluated by the responsible state prison officials. Further, it would hardly be appropriate for the State to undertake in the pretrial detention period programs to rehabilitate a man still clothed with a presumption of innocence. In short, an inmate in county jail is neither under the supervision of the State Correction Department nor participating in the State's rehabilitative programs. Where there is no evaluation by state officials and little or no rehabilitative participation for anyone to evaluate, there is a rational justification for declining to give good-time credit.

McGinnis, 410 U.S. at 272-73 (footnotes omitted). The Court concluded: "As the challenged classification here rationally promotes the legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole, the decision of the District Court [finding the statute unconstitutional] is reversed." Id. at 277.

Based on the McGinnis case, this Court finds that Petitioner has not established that he is entitled to habeas relief, as he has not demonstrated that the state's actions were contrary to

8

Federal law.  Petitioner fails to demonstrate a substantial showing of the denial of a constitutional right.

Furthermore, the United States Supreme Court has held that there is no federal constitutional right to good time credits. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  Although the United States Constitution does not create a liberty interest entitling inmates to reduce their sentence with commutation or work credits, New Jersey law must be examined to determine if the state has created such an interest.  See id.  New Jersey has created a statutory right to commutation credit, as well as procedures and guidelines regarding forfeiture of these credits for misconduct.  Notwithstanding, in this case, Petitioner's credit has not been forfeited without due process; rather, pursuant to the state statute, he is not entitled to issuance of the credit which he seeks.[1]

Finally, Petitioner has not demonstrated a violation of the Double Jeopardy Clause.  The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put

---

[1] Although this Court's function in habeas review is to determine whether the state court's decision was contrary to, or an unreasonable application of Federal law, this Court also notes that New Jersey courts have recently found that denial of pre-sentence credits in calculating good conduct time violates neither the Equal Protection Clause nor the Due Process Clause. See Buncie v. Department of Corrections, 382 N.J. Super. 214 (App. Div. 2005), certif. denied, 186 N.J. 606 (2006); see also Lipschitz v. State, 43 N.J. Super. 522 (App. Div. 1957).

in jeopardy of life or limb." U.S. CONST. amend. V. The Supreme Court has held that the protection of the Double Jeopardy Clause of the Fifth Amendment attaches before a judgment becomes final. It prohibits a second trial following an acquittal and it also protects a defendant's right to have his trial completed by the same tribunal. See United States v. Jorn, 400 U.S. 470, 484 (1971); Arizona v. Washington, 434 U.S. 497, 503 (1978). In this case, Petitioner was not tried twice for the same offense, he simply disagrees with the calculation of his sentence.

## CONCLUSION

For the foregoing reasons, Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby **DENIED**. An appropriate Order accompanies this Opinion.

The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

                                            **/s/ Dickinson R. Debevoise**
                                              DICKINSON R. DEBEVOISE
                                          United States District Judge

Dated: July 19, 2006